# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| JIM CHAMBERS, MARY ANN CHAMBERS, and MARK WEISBART, Chapter 7 Trustee, <br>     Plaintiffs, <br><br> v. <br><br> FIRST UNITED BANK & TRUST CO., <br>     Defendant. | § § § § § § § § § § | Case No. 4:08-mc-007 |

## ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO APPEAL

Before the court is "First United Bank & Trust Company's Motion for Leave to Appeal" (de # 1) and a Response (de # 2) submitted collectively by the Plaintiffs. In its Motion, the Bank requests leave of the court to appeal an interlocutory order entered by the bankruptcy court. In the interlocutory order, the bankruptcy court decided the Bank's motion to abstain, granting it in part and denying it in part. Having considered the Motion, the Response and the relevant legal principals, the court is of the opinion that the Motion should be DENIED.

Jim and Mary Ann Chambers ("the Chambers") were customers of the Bank dating back to at least 1999, when they took out a home equity loan. In 2004, the Chambers' ability to make payments on the loan came into question. Accordingly, the Chambers took out a larger home equity loan secured by additional property to pay off the earlier loan. The Chambers fell into default on the 2004 loan, and the Bank initiated foreclosure proceedings.

Two lawsuits were filed in state court: an August, 2005 judicial foreclosure action filed by the Bank and a December, 2005 lawsuit contesting the validity of the lien and asserting other state law causes of action. The lawsuit filed by the Bank was nonsuited, and all claims were tried in the lawsuit filed by the Chambers. Jim Chambers filed a Chapter 13 bankruptcy petition, staying the

trial of the state court lawsuit, which was set for September 10, 2007.

The Chambers removed the state court lawsuit to the bankruptcy court on December 4, 2007 under the bankruptcy removal statute. Ten days later, the Bank filed its motion for abstention requesting the bankruptcy court to abstain from hearing the claims that were ripe for trial in the state court. The bankruptcy court held a hearing on the motion and ordered that the bankruptcy court would adjudicate the claim as to the validity of the 2004 lien, which it determined to be a core proceeding under 28 U.S.C. § 157, and that the bankruptcy court would abstain from hearing the other claims. The Bank seeks leave to appeal from that interlocutory order.

Title 28 U.S.C. § 158(a)(3) gives this court jurisdiction to entertain appeals, "with leave of the court, from other interlocutory orders and decrees." 28 U.S.C. § 158(a)(3) (2006). That section does not provide a standard by which to determine whether leave should be granted, but

> the vast majority of district courts faced with the problem [of having no articulated standard] have adopted the standard under 28 U.S.C. §1292(b) for interlocutory appeals from district court orders. [Internal citations omitted]. This standard consists of three elements. (1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation.

*Ichinose v. Homer National Bank (In re Ichinose)*, 946 F.2d 1169, 1177 (5th Cir.1991). Though *Ichinose* left open the question of whether Section 1292(b) supplied the proper standard, *id*., district courts in this circuit have generally applied that standard in deciding motions for leave to appeal under Section 158. *E.g.*, *Wells Fargo Bank, N.A. v. Jones*, 391 B.R. 577, 586 (E.D. La. 2008). Courts also have generally been inclined to deny leave to appeal interlocutory orders of the bankruptcy court in the interest of promoting the efficient administration of the estate. *See, e.g., Barkley v. United States*, Civ. A. No. 07-1631, 2007 U.S. Dist. LEXIS 84466, at *9-10 (W.D. La. Nov. 13, 2007).

The court finds that leave should be denied in this instance for a number of reasons. First, the order from which the Bank seeks relief was a straightforward order on a rather routine motion to abstain. There is no "substantial ground for difference of opinion" involved here. The law to be applied in the decision of a motion to abstain is well-settled. At issue is the bankruptcy court's application of the facts determined at the hearing to that law. Essentially, the Bank has asserted no more than a disagreement with the bankruptcy court's resolution of its motion to abstain, which is insufficient to "demonstrate a substantial disagreement." *Dupree v. Kaye*, Civ. A. No. 3:07-CV-0768-B, 2008 U.S. Dist. LEXIS 7993, at *8 (N.D. Tex. Feb. 4, 2008) (citing *Wausau Bus. Ins. Co. v. Turner Constr. Co.*, 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001)). Second, the Bank's brief argues not the propriety of granting leave under this standard, but the correctness of the bankruptcy court's ruling. Failure to discuss the relevant principals has been deemed sufficient to deny a motion for leave. *Barkley*, 2007 U.S. Dist. LEXIS 84466, at *10. Finally, and likely an outgrowth of the second consideration, the court does not have before it the record to appropriately call into question the bankruptcy court's resolution of the fact issues.

Based on the foregoing, the court is of the opinion that "First United Bank & Trust Company's Motion for Leave to Appeal" (de # 1) should be, and hereby is, DENIED. This matter shall be remanded to the bankruptcy court for further proceedings.

IT IS SO ORDERED.

**SIGNED this the 4th day of December, 2008.**

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE